ROBERT ARMSTRONG *vs.* GEORGE WASHINGTON LITTLE.

*Trespass vi et Armis—Assault and Battery ; Justification for—Resistance—Damages, compensatory and nominal—When awarded—Insulting Language—Trivial Injuries—Witness ; Reputation of—Assault and Battery defined.*

1. When one is assaulted it is his duty to retire beyond the reach of danger, if he can do so without the risk of injury, but if he cannot do so, without exposing himself to the threatened violence of his adversary, he may use such force as may be sufficient to repel the attack upon him, but such resistance must be no more than is necessary to protect himself from bodily harm. If his resistance or retaliation be excessive, or out of proportion to the provocation or the danger threatened, it will not be justifiable, but will be an unlawful assault.

2. If an unlawful assault and battery was committed by the defendant under the immediate influence of the passion provoked by insulting and offensive language of the plaintiff, this would not justify the jury in mitigating or reducing the compensatory damages which but for such language they might find that the plaintiff would be entitled to recover.

3. If the jury should find that the defendant did commit an unlawful assault upon the plaintiff, but that the injuries to the plaintiff from such assault were so trivial as not to warrant them in awarding him damages as compensatory therefor, they may find a verdict for the plaintiff for a nominal sum only.

4. In considering the weight to be given to the testimony of a witness the jury should have regard to the evidence before them as to his general reputation for truth and veracity.

5. An assault is an unlawful attempt to do violence to the person of another, and a battery is the unlawful commission of such violence.

6. Mere words, however offensive or insulting, cannot justify an assault and battery.

7. Measure of damages.

(*February 16, 1903.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Horace G. Eastburn* for plaintiff.

*J. Harvey Whiteman* for defendant.

Superior Court, New Castle County, February Term, 1903.

ACTION OF TRESPASS *vi et Armis* (No. 9, Nov. Term, 1902); for injuries inflicted upon the plaintiff by the defendant. The assault occurred at a wheat-threshing upon the defendant's farm and was occasioned by a quarrel or dispute between the said plaintiff and the defendant, in which the latter struck the former over the head with a table leg, knocking him from the wheat-thresher, he falling insensible upon the ground. As a result of the injuries thereby received, plaintiff stated that he was greatly injured and incapacitated from work for the period of four or five months.

SPRUANCE, J., charging the jury :

Gentlemen of the jury :—This is an action of trespass brought for the recovery of damages for an assault and battery alleged to have been committed by the defendant upon the plaintiff.

An assault is an unlawful attempt to do violence to the person of another, and a battery is the unlawful commission of such violence.

Mere words, however offensive or insulting, cannot justify an assault and battery.

When one is assaulted it is his duty to retire beyond the reach of danger, if he can do so without the risk of injury, but if he cannot do so, without exposing himself to the threatened violence of his adversary, he may use such force as may be sufficient to repel the attack upon him—but such resistance must be no more than is necessary to protect himself from bodily harm.

If his resistance or retaliation be excessive or out of proportion to the provocation or the danger threatened, it will not be justifiable, but will be an unlawful assault.

The plaintiff claims only compensatory damages, and expressly disclaims any right to exemplary or punitive damages.

If therefore you should find that the defendant committed an unlawful assault upon the plaintiff, you should find a verdict in

his favor for such sum, and no more, as will reasonably compensate him for his injuries occasioned by such assault, having regard to his suffering and loss in the past, and the future, if his injuries are permanent, his inability to labor, loss of time and actual expenses incurred by reason thereof.

If you should find that the alleged unlawful assault and battery was committed by the defendant under the immediate influence of the passion provoked by insulting and offensive language of the plaintiff, this would not justify you in mitigating or reducing the compensatory damages which but for such language you may find that the plaintiff would be entitled to recover.

If you shall conclude from the evidence that the alleged personal injuries of the plaintiff were not occasioned by an unlawful assault of the defendant, but were occasioned by the carelessness or misadventure of the plaintiff, you should not regard such injuries in the assessment of the damages to be awarded to the plaintiff.

If you shall find that the defendant did commit an unlawful assault upon the plaintiff, but that the injuries to the plaintiff from such assault were so trivial as not to warrant you in awarding him damages as compensation therefor, you may find a verdict for the plaintiff for a nominal sum only.

Where the evidence is conflicting you should reconcile it so far as it is possible, but where you cannot do so, you should reject that which appears to be unworthy of credit and accept that which you deem reliable.

In your examination of the testimony of witnesses you should have regard to their character, intelligence, opportunity of knowledge, interest and all other facts before you which may aid you in reaching a proper conclusion as to the credit to which they are entitled.

In considering the weight to be given to the testimony of a witness, you should have regard to the evidence before you as to his general reputation for truth and veracity.

Your verdict should be for that party in whose favor is the preponderance or weight of the evidence.

Verdict for plaintiff for $25.